IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARLON MILLER,

        Plaintiff,

vs.                                  No.   3:14-cv-106-DRH-PMF

ORLANDO WARD and CITY OF EAST
ST. LOUIS, ILLINOIS,

        Defendants.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Pending before the Court is defendant City of East Saint Louis, Illinois' ("the City") motion to dismiss Counts II and III (Doc. 6). Plaintiff Marlon Miller ("Miller") responded (Doc. 10). For the following reasons, the defendant's motion is **GRANTED in part** and **DENIED in part**.

### I. Background

      This action arises out of an incident occurring on February 19, 2013 and the following several days, whereby Miller was interrogated by Police Officer Orlando Ward ("Ward"). Plaintiff alleges that during the interrogation, out of view of recording devices, Ward slapped plaintiff multiple times, threatened and cajoled plaintiff, and ultimately coerced a false confession from plaintiff. Subsequently, DNA evidence exonerated plaintiff of this crime. Plaintiff additionally indicates that at the time of filing the complaint he was awaiting sentencing after pleading

guilty to federal drug and conspiracy charges. On January 8, 2014, plaintiff filed a three-count complaint against Officer Ward and the City alleging claims under 42 U.S.C. § 1983 and Indemnification, 745 ILCS 10/9-102 (Doc. 2-1). On January 31, 2014, defendants removed the complaint to this Court.

In its motion to dismiss, the City asserts that plaintiff's complaint fails to allege a municipal policy or custom as required under *Monell v. Dept. of Social Services* (Doc. 6 at 5). 436 U.S. 658 (1978). Specifically, the City argues that plaintiff fails to identify a specific municipal policy or any specific official with final policy-making authority (Doc. 6 at 5-6). In the alternative, the City asserts that plaintiff's complaint fails to allege that such a policy or custom was the moving force behind the alleged constitutional violations (*Id.* at 7).

In response, plaintiff asserts that he has sufficiently alleged policies and practices because the City knew Ward was likely to violate the rights of his arrestees and failed to fire or discipline him as a result of such actions. He further argues that the defendant's reliance on *Monell* at this stage of the game is misplaced in light the pleading standard established in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). Plaintiff also argues that the City fails to make a single argument as to why Count III should be dismissed.

## II. <u>Analysis</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elc. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id.*

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotations and citations omitted).

A. **Count II: Section 1983 Claim**

Section 1983 provides a party with a cause of action against persons acting under color of state law who cause "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A

municipality is held liable as a "person" within the meaning of this section if a municipal "policy or custom" is the cause of the constitutional violation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). "A municipality is not liable for the actions of an employee, however, simply because that employee committed a tortious act." *Id.* at 691. A plaintiff may establish a municipal policy or custom by alleging that:

> (1) the city had an express policy that, when enforced, causes a constitutional deprivation; (2) the city had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000) (citation omitted). To properly plead a claim under section 1983 for municipal liability, a plaintiff is required to "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice that deprive him of his constitutional rights." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (internal quotations and citations omitted).

Plaintiff relies significantly on *Leatherman* for the proposition district courts may no longer impose heightened pleading requirements on plaintiffs asserting *Monell* claims. 507 U.S. at 168. However, the Seventh Circuit clearly directs the plaintiff to provide some specific facts to support the legal claims asserted in the complaint. *McCauley*, 671 F.3d at 616. Plaintiff has failed to do so here.

Plaintiff appears to rest his section 1983 claim against the City on the second

of the *Monell* options above. Specifically, plaintiff asserts that (1) the City hired and retained Detective Ward, knowing that he was likely to violate the rights of his arrestees; (2) the City failed to properly train, investigate, discipline, and/or fire Ward for such violations; and (3) the City knew or should have known Ward was a corrupt Detective and prevented him from exercising police authority (Compl. ¶ 19). A claim of a custom or policy of deliberate indifference would be sufficient to support a section 1983 claim against the City. However, plaintiff's complaint fails to adequately do so. The complaint does not provide the Court with the opportunity to draw the reasonable inference that the City maintained a policy, custom, or practice that deprived the plaintiff of his constitutional rights. *See McCauley*, 671 F.3d at 616. Plaintiff also fails to sufficiently allege how these allegations could be considered the "moving force" behind the alleged coerced confession. *See Johnson v. Cook County*, 526 Fed.Appx. 692, 695 (7th Cir. 2013). Therefore, Count II is dismissed.

### B. Count III: Indemnification

From defendant's title, the Court infers that defendant moves to dismiss Count III, the indemnification claim. Pursuant to 745 ULCS 10/9-102, "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." Plaintiff is correct in its assertion regarding Count III. Defendant's motion to dismiss does

not make any arguments regarding the indemnification claim. Therefore, the Court will not dismiss Count III.

### III. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendant the City of East Saint Louis, Illinois' motion to dismiss (Doc. 6). Count II is **DISMISSED without prejudice.** Plaintiff is granted leave to file an amended complaint that comports with this Order on or before May 15, 2014.

**IT IS SO ORDERED.**

Signed this 15th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.15 15:33:24 -05'00'

**Chief Judge
United States District Court**